UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KARRIEM SWEET,

                              Plaintiff,

-VS-

                                            CIV No.: 00-CV-6004

WENDE CORRECTIONAL FACILITY, et al.,

                              Defendants.

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Chamberlain D'Amanda LLP

Sheldon W. Boyce, Esq.
Attorneys for the Plaintiff
1600 Crossroads Building
Two State Street
Rochester, NY 14614

## Preliminary Statement/ Facts

During the relevant time period, the plaintiff, Karriem Sweet was an inmate in the custody of the New York State Department of Correctional Services, ("DOCS") and was incarcerated in the Wende Correctional Facility ("Wende"). On August 10,1997 and November 9, 1997, the plaintiff alleged he was forcibly removed from his cell by the John Doe defendants and assaulted while being placed in the Special Housing Unit ("SHU"). (Docket No. 28, paragraphs 8 and 11).

In Plaintiff's Amended Complaint filed on March 5, 2002, he asserts claims under 42 U.S.C. Section 1983 stating he was subjected to excessive force on August 10, 1997 and November 9, 1997 and subsequently denied due process at the tier III disciplinary hearing in connection with these incidents. (Docket No. 28). In particular, while being escorted from the B block to SHU, the plaintiff testified he was kicked, punched in the face and violently slammed into a radiator and walls without provocation by DOCS employees. (Sweet Tr., p. 41 – 44).

On March 27, 2003 the Court granted the defendants' motion to dismiss in part by dismissing the claims against Wende, Edward Donnelly and Manju Das. (Docket No. 41). The remaining defendants are the John Doe correctional officers with respect to the excessive force causes of action and Lt. Cooks with regard to the due process claim.

## Standard for Granting a Summary Judgment Motion

On a motion for summary judgment, it is the moving party's burden to show the absence of disputed material facts by pointing to pleadings, depositions and affidavits which support the motion. Fed.R.Civ.P. 56(c); <u>Celotex Corp v. Catrett</u>, 477 U.S. 317, 323 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. <u>Skubel v. Fuoroli</u>, 113 F.3d 330, 334 (2d Cir. 1997).

**Point One – Defendant has established triable issues of fact surrounding his excessive force claims**

It is well-established that inmates enjoy the Eight Amendment protection against the use of excessive force and may recover damages for its violation under Section 1983. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). Notably, the defendants do not mention the plaintiff's injuries or his testimony concerning the malicious use of force on the two dates at issue. Their only argument is that the three year statute of limitations relating to Section 1983 claims has expired because the plaintiff did not make any attempts to identify the John Doe defendants. This is completely inaccurate.

The plaintiff identified John Doe DOCS employees at three points during discovery. He provided a list of names to the Western District of New York Clerk's office on May 15, 2002. (Boyce Declaration Exhibit A). Additionally, our office supplied opposing counsel with a list of identified John Doe defendants (Boyce Declaration Exhibit B). Finally, the plaintiff confirmed his identification of the John Does as follows:

Q. In this complaint there are some places where you name defendants as John Doe. You're familiar with that?

A. Yes.

Q. But you haven't identified those John Does as of today, have you?

A. Yes, I have. I had sent the paperwork to Sheldon Boyce with all the names on it.

(Sweet Tr., p. 27).

Later, during that same line of questioning, Assistant Attorney General Emil Bove, Esq. shows the plaintiff the October 20, 2004 list identifying the John Does in this lawsuit.

Q. And now, was this a list of all the people that should be named as defendants in this lawsuit?

A.   No. There's another one that I typed out.

(Sweet Tr., p. 28). The plaintiff is referring to the letter dated May 15, 2002 identifying John Does sent to the Western District of New York clerk's office. (Boyce Declaration Exhibit A). He later testified that he "made a motion that identified all the unnamed defendants, about 58 of them in total, and sent it to the Western District Court (Tr., p. 34-35). Additionally, the plaintiff was able to again identify the John Does referenced in his Amended Complaint:

Q.   Are you able to identify any of those John Does today?

A.   Some of them, but I don't think I could remember ten of them offhand.

Q.   Tell us the names of the ones you remember.

A.   Brown, Barberenso (phonetic, and Mann – that's with two N's – Kitchen, McNeil. That's about all I can remember.

(Sweet Tr., p. 31).

As the record clearly demonstrates, the plaintiff identified the John Doe employees, therefore, his excessive force claims are timely and not subject to dismissal.

**Point Two – Defendants cannot produce a sufficient hearing transcript record**

It is well-established that an inmate is entitled to certain due process requirements in connection with prison disciplinary hearings. An inmate must receive: (1) written notice of the charges against him, given at least twenty-four hours in advance of a hearing; (2) an opportunity for the inmate to appear at the hearing and present evidence, including an opportunity to call witnesses when it will not create an undue hazard to institutional safety: and (3) a written statement of the evidence relied on by the fact finders, and of the reason for the disciplinary action. See Wolff v. McDonnell, 418 U.S. 539, 563-565 (1974)

The defendants failed to present a complete record of the tier III disciplinary hearing conducted by Rufus Cooks at Wende in August of 1997. As the defendants acknowledge, the audiotapes of the hearing are inaudible and cannot be transcribed. (See Bove Declaration, Exhibit A). It is impossible to determine whether the plaintiff's due process rights were violated because there is no hearing transcript. The defendants submit refusal forms signed by various inmates as evidence that he was allowed to call witnesses. This is insufficient because there is no way to conclusively determine whether plaintiff had an opportunity to call other witness or present his own evidence. The defendants are unable to meet the requirements set forth in <u>Wolff v. McDonnell</u>. At a minimum, there are triable issues of fact regarding the way this disciplinary hearing was conducted and, specifically, whether the plaintiff was deprived of his due process rights.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment should be denied.

DATED: February 9, 2007              Respectfully submitted,

                                    CHAMBERLAIN D'AMANDA
                                    OPPENHEIMER & GREENFIELD LLP

                                    By: s/ Sheldon W. Boyce
                                    Sheldon W. Boyce, Esq.
                                    Michelle Y. Cimino, Esq.
                                    *Attorneys for Plaintiff*
                                    1600 Crossroads Building
                                    Two State Street
                                    Rochester, New York 14614
                                    Telephone: (585) 232-3730
                                    swb@cdlawyers.com
                                    myc@cdlawyers.com

TO: Emil J. Bove, Esq.
Assistant Attorney General
Of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone: (585) 546-7430
emil.bove@oag.state.ny.us

6