UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KARRIEM SWEET,

                                Plaintiff,        ATTORNEY AFFIRMATION

-VS-

                                                CIV No.: 00-CV-6004

WENDE CORRECTIONAL FACILITY, et al.,

                                Defendants.

---

STATE OF NEW YORK)
COUNTY OF MONROE) ss:

    **SHELDON W. BOYCE, ESQ.**, hereby affirms under penalty of perjury pursuant to Rule 43(d):

    1.    I am a partner with the law firm of Chamberlain, D'Amanda, Oppenheimer & Greenfield, LLP, attorneys for Karriem Sweet ("plaintiff") in the above-captioned action. As such, I am fully familiar with the facts and circumstances of this case.

    2.    This Attorney Affirmation is submitted in opposition to the defendants' motion for summary judgment seeking dismissal of the complaint on the grounds that (1) the plaintiff's "John Doe" claims are barred by the statute of limitations and (2) the plaintiff has not raised a genuine issue regarding his denial of due process claims in connection with the disciplinary hearing at issue. As more fully set forth in the plaintiff's memorandum of law, there are material issues of fact requiring a trial of this action.

## Facts and Procedural Background

3. The Plaintiff commenced this action *pro se* by filing a Summons and Complaint on January 5, 2000 (Docket No. 1). Thereafter, the plaintiff was appointed counsel, and filed an Amended Complaint on March 5, 2002 seeking to recover compensatory damages against the defendants for personal injuries he sustained when assaulted by John Doe Correctional Officers on or about August 10, 1997 and November 9, 1997 at the Wende Correctional Facility (Docket No. 28).

4. The Plaintiff is also seeking compensatory damages in connection with the August 22, 1997 prison disciplinary hearing held without sufficient evidence and resulting in the sentence of 180 days in the Special Housing Unit (Docket No. 28).

5. Based upon information available at that time, the Plaintiff named Edward Donnelly, Superintendent of the Wende Correctional Facility; Manju Das, an employee of the New York State Office of Mental Health and Wende Correctional Facility Mental Health Unit; Lt. Rufus Cooks as an employee of the New York State Department of Correctional Services; and ten "John Does" employed as correctional officers as defendants.

6. On April 26, 2002, Defendant Donnelly moved to dismiss this action on the grounds that (1) the plaintiff failed to exhaust his administrative remedies; (2) Donnelly and Das were not sufficiently personally involved in a constitutional violation; and (3) that the court lacked subject matter jurisdiction over the plaintiff's claims against Wende and State of New York (Docket No. 30).

7.   On March 27, 2003, the Court granted the defendants' motion in part by dismissing the plaintiff's claims against Wende, Donnelly, and Das (Docket No. 41). The Plaintiff's remaining claims are against the John Doe defendants and Lt. Cooks.

### PLAINTIFF'S JOHN DOE CLAIMS

8.   The Scheduling Order dated July 31, 2000 did not specify a definite cut-off date for identifying the John Doe correctional officers. The Order stated the plaintiff should identify the John Does through discovery as soon as possible (Docket No. 9).

9.   The plaintiff complied with the scheduling order by identifying as many John Does as possible by way of a letter dated May 15, 2002 to the Western District of New York's clerk's office (Attached as Exhibit "A"). At that time, he also requested an amendment of the caption. Additionally, we forwarded a letter dated October 20, 2004 in which the plaintiff identified additional John Does to opposing counsel (Attached as Exhibit "B").

10.   Furthermore, at his deposition on January 18, 2006, the plaintiff confirmed that he identified the John Doe defendants through a "motion" (referring to the May 15, 2002 letter to the clerk's office) and the subsequent October 20, 2004 letter (The plaintiff's deposition transcript attached as Exhibit "C"). In fact, both lists of identified defendants were used as exhibits. Accordingly, the defendants were on notice of the identify of the John Doe correctional officers and were not prejudiced in any way. Therefore, plaintiff's John Doe claims are not subject to dismissal.

## PLAINTIFF'S CLAIM AGAINST RUFUS COOK

11. The Plaintiff alleges he was denied due process at the tier III disciplinary hearing conducted by Correction Lieutenant Rufus Cook.

12. It is undisputed that Lieutenant Rufus Cook presided over the tier III disciplinary hearing at issue at Wende in August, 1997 regarding two (2) misbehavior reports issued to the plaintiff by Officer McEvoy on August 10, 1997. (See Declaration of Emil Bovey, Esq. ¶10).

13. As the Defendants clearly acknowledge, the facility was not able to transcribe the audio tapes of the hearing because the tapes are completely inaudible and indiscernible (See Exhibit A attached to Bove Declaration). Therefore, the record is incomplete and, at a minimum, there are material issues of fact regarding plaintiff's due process claims.

14. While the defendant presents a "summary of the hearing" through exhibits presented at the hearing, there is no testimony available for the Court to review to determine whether there was an adequate basis for Lieutenant Cook's decision finding plaintiff guilty of violating all charges and imposing a disposition of 180 days of SHU confinement and loss of privileges.

15. As the Court previously recognized, the Plaintiff fully exhausted his administrative remedies in challenging the Tier III disposition including filing an appeal with the Office of Inmate Discipline and Special Housing and, thereafter, on May 10, 1998 filing an Article 78 Petiton in Erie County Supreme Court.

## Entitlement to Relief Sought

16. For the reasons set forth above and more fully described in the accompanying memorandum of law, summary judgment should be denied.

**WHEREFORE**, the plaintiff respectfully request that this Court issue an Order, pursuant to Civil Practice Law and Rules Section 3212, denying the defendants' motion for summary judgment in all respects and for such other relief as this Court deems just and proper.

Dated:   February 10, 2007
         Rochester, NY

s/ Sheldon W. Boyce
**Sheldon W. Boyce**